1   Avi Wagner, Esq. (SBN 226688)
2   **THE WAGNER FIRM**
3   1925 Century Park East, Suite 2100
    Los Angeles, California 90067
4   Telephone: (310) 491-7949
5   Facsimile:  (310) 694-3967
    Email: avi@thewagnerfirm.com
6
7   Attorney for Defendant Wholesalefashionsquare.com, Inc.

8

9                     **UNITED STATES DISTRICT COURT**
10
11                    **CENTRAL DISTRICT OF CALIFORNIA**

12

13  HEM & THREAD, INC., a              ) Case No. 2:19-cv-00283-CBM-AFM
    California corporation, and HYUN   )
14  KIM, an individual,                )
15                                     ) **CROSS-PLAINTIFF**
            Plaintiffs,                ) **WHOLESALEFASHIONSQUARE.COM,**
16                                     ) **INC.'S NOTICE OF MOTION AND**
17          vs.                        ) **MOTION IN LIMINE NO. 1**
                                       ) **(EXCLUDE ARGUMENT OR**
18  WHOLESALEFASHIONSQUARE ) **EVIDENCE THAT CROSS-**
19  .COM, INC., a California           ) **DEFENDANTS NEITHER TOOK NOR**
    corporation,                       ) **TRANSFERRED TITLE TO THE**
20                                     ) **GARMENTS); MEMORANDUM OF**
21          Defendant.                 ) **POINTS AND AUTHORITIES IN**
22                                     ) **SUPPORT THEREOF**
    WHOLESALEFASHIONSQUARE )
23  .COM, INC., a California           ) Date: January 3, 2022
24  corporation,                       )
25                                     ) Time: 10:00 a.m.
            Cross-Plaintiff            )
26                                     ) Courtroom:  8B
27          vs.                        )
                                       )
28                                     )

                    CROSS-PLAINTIFF WHOLESALEFASHIONSQUARE.COM, INC.'S
                              MOTION IN LIMINE NO. 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ANDREW J. PARK, an individual,
J & K CLOTHING, INC. d/b/a
LOVE LETTER COLLECTION
a.k.a. MI AMORE F/S, a California
Corporation; YOUNG H. CHO, an
individual, SOYEON CHO, an
individual, SKYOCEAN, INC., a
California Corporation and; DOES
1-10, individuals and/or entities of
unknown form,

Cross-Defendants.
_____

TO THE COURT AND ALL PARTIES:

Please take notice that on January 3, 2022 at 10:00 in Courtroom 8B of the above-captioned Court, located at 350 W. 1st St., Los Angeles, CA 90012, before the Honorable United States Senior District Judge Consuelo B. Marshall, Cross-Plaintiff Wholesalefashionsquare.com, Inc. ("Cross-Plaintiff" or "Wholesale") will and hereby does move this Court for an Order excluding any argument or evidence that neither Andrew J. Park and J &K Clothing, Inc. (collectively, "Love Letter Cross-Defendants"); nor Young H. Cho, Soyeon Cho, and SkyOcean, Inc. (collectively, "SkyOcean Cross-Defendants") took title to the Sherpa jackets ("Garments") nor transferred that title.

This Motion is based upon this Notice of Motion; the supporting Memorandum of Points and Authorities; the Declarations of Avi Wagner in support, all other pleadings and papers on file with the Court in this action, and any other such evidence or oral argument that may be presented at or before the hearing.

Dated: December 6, 2021

THE WAGNER FIRM
By: /s/ Avi Wagner
Avi Wagner
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 491-7949
Facsimile: (310) 694-3967
Email: avi@thewagnerfirm.com

Attorney for Cross-Plaintiff
WHOLESALEFASHIONSQUARE.COM, INC

# I.    INTRODUCTION

Wholesale moves to exclude all argument and evidence that neither Love Letter Cross-Defendants nor SkyOcean Cross-Defendants took title to the Garments at issue in this action, nor transferred that title.  The record evidence is clear that each of these parties took title only to transfer it Wholesale.  In fact, all the documentary evidence supports only the inference that such title *did* transfer.  Accordingly, any unsubstantiated argument or evidence on this issue should be excluded.

# II.    RELEVANT FACTS

The lone remaining claims in this litigation focus on contribution, warranty and indemnity claims against Cross-Defendants who sold garments to Wholesale that led to Wholesale's sales of L2394 Sherpa cardigans ("Garments") ordered by Plaintiff Hyun Kim ("Kim").

## A.    SkyOcean Takes Title to the Garments

In December 2017, Kim corresponded with Mr. Junn Kang of Sketch, to order 40,500 pieces of "BOTH SIDE FUR OPEN JACKET," referenced as Style No. L2394 at $7.45 per piece, for a total purchase price of $301,725, to be manufactured for Hem & Thread.  Garment Order, [Dkt. 151-5].  In April 2018, 41,937 Garments shipped from Vietnam, with Isis Clothing, Inc. a Los Angeles based company, as the Consignee.  Bill of Lading [Dkt. 151-8] 4-5.  The consignee took ownership of the goods to clear customs. Deposition of Randy Moon ("Moon Depo.") [Dkt. 151-9], 44:16-45:3. After clearing customs, SkyOcean delivered the Garments to Plaintiffs.  Shipping Documents [Dkt. 151-8] SkyOcean, 1-5, 7, 49-50; Moon Depo. [Dkt. 151-9], 52:1-8.

Following receipt of the Garments, Kim rejected them, and released them to Sketch.  Deposition of Hyun Kim ("Kim Depo.") [Dkt. 151-1], 70:4-8; 138:5-

139:1.   Facing financial uncertainty due to Plaintiffs' non-payment, Sketch approached Cross-Defendant J&K Clothing, Inc. ("Love Letter") to sell the Garments.   Text Messages, [Dkt. 151-2], HT200.   In August 2018, a shipping company picked up the Garments from Hem & Thread and delivered them to SkyOcean, with SkyOcean listed as "Consignee".   Trucking Document, [Dkt. 151-8], SkyOcean 21.

## B.   Love Letter Takes Title to the Garments

After being approached by Mr. Kang of Sketch, Andrew Park of Love Letter approached Eli Cohen, a runner who presented deals to Wholesale, about purchasing the Garments. Text Messages, [Dkt. 151-11] J&K000074-75; Park Depo. [Dkt. 151-14], 21:16-22:8. After Wholesale CFO Michael Kremerman viewed the Garments with Mr. Park at SkyOcean (Wagner Decl., Ex. C, Park Depo. 78:8-14; Ex. A, Kremerman Depo. 57:7-58:10), Wholesale gave Mr. Park a $5,000 deposit check for the Garments made out to Love Letter. Deposit Check [Dkt. 151-20].   Later that day, Mr. Park drafted and sent Mr. Cohen an unsigned document stating that Wholesale "will take ownership of 38,000 pieces of merchandise from Love Letter…" August 28, 2018 Draft Agreement [Dkt. 151-12], J&K000260-261.

On September 5, 2018 Love Letter invoiced Defendant for 38,283 pieces at $3.50 per piece, for a total of $133,990.50. Love Letter Invoice [Dkt. 151-15]. Within this purchase price was a commission that Park had negotiated for himself. Wagner Decl., Ex. C, Park Depo., 107:5-12.   To facilitate its collection, he decided that Wholesale would pay Love Letter, and that he would manage the payments. *Id*. 40:14-23.   Accordingly, Wholesale wired Love Letter $128,990.50 that afternoon and received the Garments at its warehouse.   Wire Payment [Dkt. 151-22]; Shipping Records [Dkt. 151-8], SkyOcean 26-27.

After receiving the Garments at its warehouse, Wholesale determined that some were damaged, and returned the damaged Garments to the SkyOcean

warehouse.  Kremerman Depo. [151-13] 126:22-127:8, 128:1-8; Shipping Records [Dkt. 151-8], SkyOcean 31-32.  On September 14, Cross-Plaintiff received a $100,000 refund from Love Letter for the returned pieces.  Return Payment [Dkt. 151-22].

Wholesale had no contact with Sketch, and never made any payment to it for the Garments.

## C.    Procedural History

Defendant sold the Garments on its website in September and October 2018. On January 14, 2019, Plaintiffs filed their Complaint [Dkt. No. 1], alleging *inter alia* trademark infringement, negligent interference with prospective economic advantage, and conspiracy.  Following Wholesale's Motion to Dismiss, the Court dismissed the latter two claims.  March 27, 2019 Order [Dkt. No. 23].  Plaintiffs filed two subsequent complaints. First Amended Complaint [Dkt. 26]; Second Amended Complaint [Dkt. 40].

On July 27, 2021 the Court granted Plaintiff's motion for summary judgment on their trademark infringement claims.  July 27, 2021 Order [Dkt. 231].  The only remaining claims in this action are Wholesale's cross-claims against Love Letter Cross-Defendants and SkyOcean Cross-Defendants for breach of implied warranty of merchantability, and several forms of contribution and indemnity.  Cross-Complaint, ¶¶ 25-44 [Dkt. 46].  Counsel for Cross-Plaintiff and Cross-Defendants met and conferred on this motion prior to filing.  Declaration of Avi Wagner in Support of Motions in Limine ("Wagner Decl."), ¶¶ 3-4.

## III.   ARGUMENT

### A.   The Evidence Does Not Support an Inference That SkyOcean Cross-Defendants Neither Had, Nor Transferred, Title to the Garments

Sky Ocean Cross-Defendants have failed to introduce evidence that they neither had, nor transferred, title to the Garments.  The Court should preclude them from introducing argument or evidence on this issue because to permit such unsupported statements would create a risk of confusion and undue prejudice.  "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." F.R.E. 403; *see also Memry Corporation v. Kentucky Oil Technology, N.V.,* No. C-04-03843 RMW, at *12 (N.D. Cal. Nov. 27, 2007) (permitting argument that a witness had copied material *only* if there was evidentiary support for the inference).

SkyOcean became the "consignee" of the Garments when they were shipped from Hem & Thread following their rejection.  Shipping Documents [Dkt. 151-8], SkyOcean 21.  Randy Moon, the person most knowledgeable for SkyOcean, has testified that a consignee takes ownership of the goods for which it plays this role.  Moon Depo. [Dkt. 151-9], 45:1-3; 45:14-21.  This is consistent with U.C.C. 9-319, which states that "while the goods are in the possession of the consignee, the consignee is deemed to have rights and title to the goods identical to those the consignor had or had power to transfer."

Consignee SkyOcean transferred this title to Love Letter.  Upon delivery of the Garments by SkyOcean to Wholesale, Andrew Park was present and communicated to Kremerman that the money transfer must be made to Love Letter

before he would release the Garments.  Park Depo. [Dkt. 151-14], 61:9-17, 62:10-15.

Record evidence is uncontroverted that SkyOcean became the consignee of the Garments after their rejection by Hem & Thread, and thus had, and subsequently transferred, title to them.  SkyOcean Cross-Defendants should be denied the opportunity to present argument or evidence to the contrary.

**B.    The Evidence Does Not Support an Inference That Love Letter Cross-Defendants Neither Had, Nor Transferred, Title to the Garments**

The evidence of Love Letter's transfer of title is even more substantial. Wholesale's Kremerman dealt only with Andrew Park in negotiating the purchase, and making both the deposit and final payment for the Garments.  Further, both payments went directly to Love Letter.  Deposit Check [Dkt. 151-20], Love Letter Invoice, [Dkt. 151-15], Wire Transfer [Dkt. 151-21].  The record contains no evidence that Andrew Park represented that Wholesale was actually purchasing the Garments from Sketch.  To the contrary, Park testified that he drafted an agreement stating that Wholesale "agrees to take ownership of merchandise (sweaters) from Love Letter Collection". August 28, 2018 Agreement [Dkt. 151-12].  And when Wholesale returned damaged Garments, Andrew Park coordinated their removal (Ex. C, Park Depo. 48:4-20) and Love Letter processed the associated refund from its own bank account.  Wire Refund [Dkt. 151-22] J&K 285, Wagner Decl., Ex. C, Park Depo. 88:16-91:21.

Aside from Andrew Park's self-serving and unsubstantiated statement that despite appearances, Love Letter never owned the Garments (Wagner Decl., Ex. C, Park Depo. 103:8-12), the record is devoid of any evidence that Love Letter did not have, and transfer, title to the Garments.  This is despite Wholesale making

discovery requests that would have produced any existing documentary evidence that Love Letter never took title to the Garments. *See* Wagner Decl., Ex. D, Excerpt of Wholesale Requests for Production to Love Letter (RFP Five: All Communications and Documents with any party to the action and/or a third-party related to the purchase of the [Garments].)

Love Letter Cross-Defendants have failed to produce any evidence that Love Letter did not take title to the Garments, and transfer that title to Wholesale. Instead, the documentary evidence and Andrew Park's own statements demonstrate that Wholesale purchased the Garments directly from Love Letter. The Court should thus exclude argument or evidence that Love Letter did not have title to the Garments, as the evidentiary record does not support this inference.

## IV.  CONCLUSION

For the foregoing reasons, the Court should exclude all evidence and argument that Love Letter and SkyOcean Cross-Defendants did not take or transfer title for the Garments, as unsupported argument creates an unreasonable risk of confusing issues or creating undue prejudice.

Date: December 6, 2021

THE WAGNER FIRM
By: /s/ *Avi Wagner*
Avi Wagner
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 491-7949
Facsimile: (310) 694-3967
Email: avi@thewagnerfirm.com
*Attorney for Cross-Plaintiff*
*WHOLESALEFASHIONSQUARE.CO*
*M, INC.*

CROSS-PLAINTIFF WHOLESALEFASHIONSQUARE.COM, INC.'S
MOTION IN LIMINE 1
6