

Ginam Lee (SBN 204561)
Jeffrey Kim (SBN 297294)
LPL Lawyers
3600 Wilshire Boulevard, Suite 1510
Los Angeles, CA 90010
Tel.   (213) 382-8051
Fax.  (866) 203-0408
E-mail:  glee@LawLPL.com
E-mail:  jkim@LawLPL.com

Attorneys for Plaintiff, JITRADE INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JITRADE INC., a California Corporation, | Case No.: _____ |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | **1. COPYRIGHT INFRINGEMENT**<br>**2. VICARIOUS COPYRIGHT INFRINGEMENT** |
| WHOLESALEFASHIONSQUARE.com, INC., a California Corporation; and DOES 1 through 10, inclusive, | **3. CONTRIBUTORY COPYRIGHT INFRINGMENT** |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Plaintiff JITRADE INC., ("Plaintiff") complains as follows:

Plaintiff creates unique 2-dimensional graphic artworks for use on textiles and garments. Plaintiff owns these designs exclusively. Plaintiff conducts sales of products bearing these designs for profit. Plaintiff's business is predicated on their ownership of these designs. Plaintiff spends a substantial amount of time, resources, and goodwill creating, marketing, and selling either these designs or products that bear these designs.

LEGACY PRO LAW, PC.
3600 Wilshire Boulevard, Suite 1510
Los Angeles, CA 90010
Phone: (213) 382-8651 | Fax: (866) 203-0408

Plaintiff's vendors take Plaintiff's design samples with the understanding that they will only utilize Plaintiff to reproduce said designs, and will not make any changes to Plaintiff's intellectual property. No party is authorized to make sales of products bearing Plaintiff's designs without Plaintiff's express written permission.

Plaintiff brings this action to recover damages for direct, vicarious, and contributory copyright infringement arising out of the misappropriation of Plaintiff's exclusive designs by the Defendants, and each of them.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. JITRADE INC., ("Plaintiff") is a corporation organized and existing under the laws of California, with its principal place of business at 6279 E. Slauson Ave. #408, Commerce, CA 90040.

5. Plaintiff is informed and believes and thereon alleges that Defendant WHOLESALEFASHIONSQUARE.COM, INC. ("WHOLESALE FASHION SQUARE"), a California Corporation, is, and at all times herein mentioned was, a corporation, organized and existing under the laws of California and doing business in California, with its principal place of business at 4927 Alcoa Ave., Vernon, California, 90058.

LEGACY PRO LAW, PC.
3600 Wilshire Boulevard, Suite 1510
Los Angeles, CA 90010
Phone: (213) 382-8051 | Fax: (866) 203-0408

COMPLAINT

6. Named Defendants, and DOES 1-10, may be collectively referred to as "Defendants."

7. Plaintiff is informed and believes and thereon alleges that some of Defendants DOES 1 through 5, inclusive, are manufacturers and/or vendors of garments to Defendant, which Defendants DOES 1 through 5 have manufactured and/or supplied and are manufacturing and/or supplying garments comprised of fabric printed with Plaintiff's copyrighted design(s) (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise, and capacities of Defendants sued herein as DOES 1 through 5 are presently unknown to Plaintiff at this time, and therefore, Plaintiff sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege their true names and capacities when the same have been ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of Defendants designated as a DOE is responsible in some manner for the events alleged herein and the damages caused thereby.

8. Defendants DOES 6 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, and capacities of Defendants sued herein as DOES 6 through 10 are presently unknown to Plaintiff at this time, and therefore, Plaintiff sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege their true names and capacities when the same have been ascertained.

9. Plaintiff is informed and believes and thereupon alleges that at all times relevant hereto each of the Defendants acted in concert with each other, was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such

LEGACY PRO LAW, P.C.
3660 Wilshire Boulevard, Suite 1510
Los Angeles, CA 90010
Phone: (213) 382-8551 | Fax: (866) 203-0408

3

**COMPLAINT**

agency, affiliation, alter-ego relationship and/or employment; and actively
participated in or subsequently ratified and adopted, or both, each and all of the acts
or conducts alleged, with full knowledge of all the facts and circumstances,
including without limitation to full knowledge of each and every wrongful conducts
and Plaintiff's damages caused therefrom.

## CLAIMS RELATED TO DESIGN

10.    Plaintiff is the owner and author of two-dimensional artworks under
title "SND1604_6." ("Subject Design"). (**Exhibit A**).

11.    Plaintiff has a registered copyright from the United States Copyright
Office for the Subject Designs and was granted Registration No. VA 2-047-104 on
March 3, 2017. (**Exhibit B**).

12.    Plaintiff formatted the Subject Design for use on textiles, sampled the
Subject Design, and negotiated sales of fabric bearing the Subject Design.

13.    Plaintiff is informed and believes and thereon alleges that, without
Plaintiff's authorization, Defendants purchased, sold, marketed, advertised,
manufactured, caused to be manufactured, imported and/or distributed fabric and/or
garments comprised of fabric featuring a design which is identical, or substantially
similar to, the Subject Design. A true and correct copy of such garments sold by
WHOLESALE FASHION SQUARE is attached hereto as **Exhibit C**. Said
garments include but are not limited to garments sold by WHOLESALE FASHION
SQUARE.

14.    At various times Defendants owned and controlled offline and/or
online retail stores, and each of them, Plaintiff's investigation revealed that
garments comprised of fabric bearing the Subject Design were being offered for
sale, garments which were manufactured and/or imported under the direction of the
Defendants, and each of them.

LEGACY PRO LAW, PC.
3600 Wilshire Boulevard, Suite 1510
Los Angeles, CA 90010
Phone: (213) 382-8051 | Fax: (866) 203-0408

4

**COMPLAINT**

15.     None of the aforementioned transactions were authorized by Plaintiff, and all were in violation of Plaintiff's intellectual property rights.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

16.     Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained hereto, inclusive, of this Complaint.

17.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, accessed the Subject Design(s) through, without limitation, the following: (a) access to Plaintiff's design library; (b) access to authorized or unauthorized reproductions in the possession of other vendors and/or DOE Defendants; and (c) access to Plaintiff's strike-offs, swatches, paper CADs and samples.

18.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by importing, marketing, advertising, creating, making and/or developing directly infringing and/or derivative works from the Subject Design and by importing, producing, distributing and/or selling infringing garments through a nationwide network of retail stores, catalogues, and online websites.

19.     Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

20.     Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages to its business in an amount to be established at trial.

21.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design(s). As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and

LEGACY PRO LAW, P.C.
3600 Wilshire Boulevard, Suite 1510
Los Angeles, CA 90010
Phone: (213) 382-8051 | Fax: (866) 203-0408

5

**COMPLAINT**

1   indirectly attributable to Defendants' infringement of the Subject Design in an

2   amount to be established at trial.

3       22.     Plaintiff is informed and believes and thereon alleges that Defendants,

4   and each of them, have committed acts of infringement alleged herein with actual or

5   constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a

6   finding of willful infringement.

7

8                    **SECOND CLAIM FOR RELIEF**

9       (For Vicarious Copyright Infringement – Against All Defendants)

10      23.     Plaintiff repeats, re-alleges and incorporates herein by reference as

11  though fully set forth the allegations contained hereto, inclusive, of this Complaint.

12      24.     Plaintiff is informed and believes and thereon alleges that Defendants,

13  and each of them, are vicariously liable for the infringement alleged herein because

14  they had the right and ability to supervise the direct infringing conduct by their

15  authority, ability, and/or control to request, change, suggest, or decline the design

16  featured on the accused garment.

17      25.     Plaintiff is informed and believes and thereon alleges that the

18  Defendants had a direct financial interest in the infringer's activity by profiting

19  from featuring the desirable Subject Design(s) on the accused garment while

20  declining to exercise their right and/or obligation to stop or limit the infringement

21  by requesting, changing, or suggesting a different design or declining to buy the

22  garment featuring the Subject Design.

23      26.     By reason of the Defendants', and each of their, acts of vicarious

24  infringement as alleged above, Plaintiff has suffered and will continue to suffer

25  substantial damages to its business in an amount to established at trial, as well as

26  additional general and special damages in an amount to be established at trial.

27      27.     Due to Defendants' acts of vicarious copyright infringement as alleged

28  herein, Defendants, and each of them, have obtained direct and indirect profits they

LEGACY PRO LAW, PC.
3630 Wilshire Boulevard, Suite 1510
Los Angeles, CA 90010
Phone: (213) 382-8551 | Fax: (866) 203-0408

**COMPLAINT**

would have not otherwise realized bur for their infringement of the Subject Design(s). As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, an amount to be established at trial.

28.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement.

## THIRD CLAIM FOR RELIEF

(Contributory Copyright Infringement– Against All Defendants)

29.     Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained hereto, inclusive, of this Complaint.

30.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly induced, caused, materially contributed to, participated in, encourages, aided and abetted in and resultantly profited from the illegal reproduction, importation, purchase, marketing, advertising, distribution and/or sales of product featuring the Subject Design(s) as alleged herein above.

31.     By reason of the Defendants', and each of their, acts of contributory copyright infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to established at trial, as well as additional general and special damages in an amount to be established at trial.

32.     Due to Defendants' acts of contributory copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would have not otherwise realized bur for their infringement of the Subject Design(s). As such, Plaintiff is entitled to disgorgement of Defendants'

LEGACY PRO LAW, PC.
3600 Wilshire Boulevard, Suite 1510
Los Angeles, CA 90010
Phone: (213) 382-8051 | Fax: (866) 203-0408

**COMPLAINT**

profits directly and indirectly attributable to Defendants' infringement of the
Subject Design(s), an amount to be established at trial.

33.     Plaintiff is informed and believes and thereon alleges that Defendants,
and each of them, have committed acts of infringement alleged herein with actual or
constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a
finding of willful infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against all Defendants as follows:
Against All Defendants With respect to Each Claim for Relief:

1.     That Defendants, their agents and servants be enjoined from infringing
Plaintiff's copyrights in any manner;

2.     That Plaintiff be awarded all profits of Defendants plus all losses of
Plaintiff, the exact sum to be proven at time of trial as available under 17 U.S.C. §
504(b), or, if elected before final judgment, statutory damages as available under
the Copyright Act, 17 U.S.C. § 504(c);

3.     That Plaintiff be awarded its attorneys' fees as available under the
Copyright Act, 17 U.S.C. § 101 *et seq.*;

4.     That Plaintiff be awarded pre-judgment interest as allowed by law;

5.     That Plaintiff be awarded costs of litigation; and

6.     That Plaintiff be awarded such further legal and equitable relief as the
Court deems proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Defendant demands a trial by jury
on all issues so triable.

LEGACY PRO LAW, PC.
3600 Wilshire Boulevard, Suite 1510
Los Angeles, CA 90010
Phone: (213) 382-8551 | Fax: (866) 203-0408

**COMPLAINT**

DATED: December 26, 2018         **LPL LAWYERS**


BY: _____
Ginam Lee, Esq.
Jeffrey Kim, Esq.
Attorneys for PLAINTIFF JITRADE INC.

**LEGACY PRO LAW, PC.**
3600 Wilshire Boulevard, Suite 1510
Los Angeles, CA 90010
Phone: (213) 382-8051 | Fax: (866) 203-0408

9

**COMPLAINT**

Δ π EXHIBIT 3
Deponent PMK
Date 9/4/2020 Rptr. KM
WWW.DEPOBOOKPRODUCTS.COM

1 | Stephen M. Doniger (SBN 179314)
  | stephen@donigerlawfirm.com
2 | Scott Alan Burroughs (SBN 235718)
  | scott@donigerlawfirm.com
3 | Trevor W. Barrett (SBN 287174)
  | tbarrett@donigerlawfirm.com
4 | Justin M. Gomes (SBN 301793)
5 | jgomes@donigerlawfirm.com
6 | DONIGER / BURROUGHS
7 | 603 Rose Avenue
  | Venice, California 90291
8 | Telephone: (310) 590-1820

9
10 | Attorneys for Plaintiff

11 | **UNITED STATES DISTRICT COURT**
   | **CENTRAL DISTRICT OF CALIFORNIA**
12

| | |
|---|---|
| 13 GOLD VALUE INTERNATIONAL | Case No.: |
| 14 TEXTILE, INC., a California Corporation, individually, and doing business as | |
| 15 "FIESTA FABRIC," | PLAINTIFF'S COMPLAINT FOR: |
| 16 Plaintiff, | 1. COPYRIGHT INFRINGEMENT; |
| 17 vs. | 2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT |
| 18 | |
| 19 ZULILY, LLC, a Washington Limited Liability Company; | Jury Trial Demanded |
| 20 WHOLESALEFASHIONSQUARE.COM, INC., a California Corporation; LANESRA, | |
| 21 INC., a California Corporation; MAY & JULY, INC., a California Corporation; | |
| 22 ELAD IMPORT INC., a California Corporation; LI YUAN TEXTILE AND | |
| 23 APPAREL, INC., individually and d/b/a | |
| 24 "Reborn Collection," a New York | |
| 25 Corporation; and DOES 1-10, | |
| 26 | |
| 27 Defendants. | |

1
COMPLAINT

Plaintiff, GOLD VALUE INTERNATIONAL TEXTILE, INC., a California Corporation, individually, and doing business as "FIESTA FABRIC" (collectively "Fiesta") by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

4. Fiesta is a corporation organized and existing under the laws of the State of California.

5. Plaintiff is informed and believes and thereon alleges that Defendant Zulily, LLC ("Zulily") is a limited liability company organized and existing under the laws of the State of Washington with its principal place of business located at 2601 Elliott Avenue, Seattle, Washington 98121 and is doing business in and with the State of California

6. Plaintiff is informed and believes and thereon alleges that Defendant Wholesalefashionsquare.com, Inc. ("Wholesale") is a corporation organized and existing under the laws of the State of California with its principal place of business located at 4927 Alcoa Avenue, Vernon, California 90058.

7. Plaintiff is informed and believes and thereon alleges that Defendant Lanesra, Inc. ("Lanesra") is a corporation organized and existing under the laws of

the State of California with its principal place of business located at 738 East 14ᵗʰ Street, Suite C, Los Angeles, California 90015.

8. Plaintiff is informed and believes and thereon alleges that Defendant May & July, Inc. ("May&July") is a corporation organized and existing under the laws of the State of California with its principal place of business located at 777 East 12ᵗʰ Street, Suite 1-1, Los Angeles, California 90021.

9. Plaintiff is informed and believes and thereon alleges that Defendant Elad Import Inc. ("Elad") is a corporation organized and existing under the laws of the State of California with its principal place of business located at 788 East 12ᵗʰ Street, Los Angeles, California 90021.

10. Plaintiff is informed and believes and thereon alleges that Defendant Li Yuan Textile and Apparel, Inc., individually and doing business as "Reborn Collection" ("Reborn") is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 602 39ᵗʰ Street, Suite 205, Brooklyn, New York, 11232 and is doing business in and with the State of California.

11. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

12. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was

at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**CLAIMS RELATED TO DESIGN 1461**

13. Plaintiff owns an original two-dimensional artwork used for purposes of textile printing entitled 1461 ("Subject Design A") that has been registered with the United States Copyright Office.

14. Prior to the acts complained of herein, Plaintiff widely disseminated fabric bearing Subject Design A to numerous parties in the fashion and apparel industries.

15. Plaintiff is informed and believes and thereon alleges that following its distribution of Subject Design A, Zulily, Wholesale, Lanesra, May&July, DOE Defendants, and each of them distributed and/or sold fabric and/or garments featuring a design which is substantially similar to Subject Design A without Plaintiff's authorization, including but not limited to:

    a) garments sold by Zulily under SKU No. 49340995 bearing the label "Lanesra", indicating that said garments were manufactured by Wholesale for Lanesra (hereinafter "Subject Product A1");

    b) garments sold by Zulily under the item description "Blue & Ivory Tie-Dye Lace-Accent Romper" bearing the label "May & July" and RN 142377, indicating that said garments were manufactured by or for May&July (hereinafter "Subject Product A2").

16. An image of Subject Design A and non-exclusive exemplars of Subject Product A1 and Subject Product A2 are set forth hereinbelow. The below comparisons make clear that the overall look and feel and constituent elements of the designs are substantially similar.

| SUBJECT DESIGN A | SUBJECT PRODUCT A1 |
|---|---|
|  | Zulily/Wholesale/Lanesra Garment Detail  |



| SUBJECT DESIGN A | SUBJECT PRODUCT A2 |
|---|---|
| | Zulily/May&July Garment Detail |





1

## CLAIMS RELATED TO DESIGN A100633

2      17. Plaintiff owns an original two-dimensional artwork used for purposes of

3      textile printing entitled A100633 ("Subject Design B") that has been registered with

4      the United States Copyright Office.

5      18. Prior to the acts complained of herein, Plaintiff widely disseminated fabric

6      bearing Subject Design B to numerous parties in the fashion and apparel industries.

7      19. Plaintiff is informed and believes and thereon alleges that following its

8      distribution of Subject Design B, Zulily, Elad, DOE Defendants, and each of them

9      distributed and/or sold fabric and/or garments featuring a design which is

10     substantially similar to Subject Design B (hereinafter "Subject Product B") without

11     Plaintiff's authorization, including but not limited to garments sold by Zulily under

12     the product description "Blue & Gray Geometric Cap-Sleeve Maxi Dress" bearing

13     the label "Love Kuza" and RN 118673, indicating that said garments were

14     manufactured by or for Elad.

15     20. An image of Subject Design B and one non-exclusive exemplar of Subject

16     Product B are set forth hereinbelow. The below comparison makes clear that the

17     overall look and feel and constituent elements of the designs are substantially

18     similar.

19

20

21

22

23

24

25

26

27     ///

28

| SUBJECT DESIGN B | SUBJECT PRODUCT B |
|---|---|
| Detail | Zulily/Elad Garment Detail |







## CLAIMS RELATED TO DESIGN 1829

21. Plaintiff owns an original two-dimensional artwork used for purposes of textile printing entitled 1829 ("Subject Design C") that has been registered with the United States Copyright Office.

22. Prior to the acts complained of herein, Plaintiff widely disseminated fabric bearing Subject Design C to numerous parties in the fashion and apparel industries.

23. Plaintiff is informed and believes and thereon alleges that following its distribution of Subject Design C, Zulily, Reborn, DOE Defendants, and each of them distributed and/or sold fabric and/or garments featuring a design which is substantially similar to Subject Design C (hereinafter "Subject Product C") without Plaintiff's authorization, including but not limited to garments sold by Zulily under SKU number 37025373 and bearing the label "Reborn", indicating that said garments were manufactured by or for Reborn.

24. An image of Subject Design C and one non-exclusive exemplar of Subject Product C are set forth hereinbelow. The below comparison makes clear that the overall look and feel and constituent elements of the designs are substantially similar.

///

9
COMPLAINT

| SUBJECT DESIGN C | SUBJECT PRODUCT C |
|---|---|
|  | Zulily/Reborn Garment Detail   |

# FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

25. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

26. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Design A, Subject Design B and/or Subject Design C (collectively, the "Subject Designs") including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Designs by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) access to garments in the marketplace manufactured with lawfully printed fabric bearing Subject Designs.

27. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s), and each of them, has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed Subject Designs in that said garments were composed of fabric which featured unauthorized print designs that were identical or substantially similar to Subject Designs, or were an illegal modification thereof.

28. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from Subject Designs and by producing, distributing and/or selling Subject Products through a nationwide network of retail stores, catalogues, and through on-line websites.

29. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

30. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of Subject Designs in an amount to be established at trial.

31. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

## SECOND CLAIM FOR RELIEF

(For Vicarious and Contributory Copyright Infringement - Against All Defendants)

32. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this complaint.

33. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring Subject Designs as alleged herein.

34. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they

had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

35. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

36. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Subject Designs, in an amount to be established at trial.

37. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.  Within the time permitted by law, Plaintiff will make its election.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### **Against All Defendants**

38. With Respect to Each Claim for Relief

    a.  That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Designs;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 505 et seq.;

c. That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the product at issue;

d. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 505 et seq.;

e. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

f. That Plaintiff be awarded pre-judgment interest as allowed by law;

g. That Plaintiff be awarded the costs of this action; and

h. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: October 29, 2018      By:    */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Trevor W. Barrett, Esq.
Justin M. Gomes, Esq.
DONIGER / BURROUGHS
Attorney for Plaintiff

C. YONG JEONG, ESQ. (SBN 255244)
    jeong@jeonglikens.com
REGINA S. ZERNAY, ESQ. (SBN 318228)
    regina.zernay@jeonglikens.com
JEONG & LIKENS, L.C.
222 South Oxford Avenue
Los Angeles, California 90004
Tel. 213-688-2001
Fax. 213-315-5035

Attorneys for Plaintiff JITRADE INC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JITRADE INC, a California Corporation;<br><br>        Plaintiff,<br><br>        vs.<br><br>EN COREE USA, INC. d/b/a THE SANG CLOTHING, a California Corporation; SANG BAE HAN, an Individual; SCOTT CHONGYANG KIM, an Individual; WHOLESALEFASHIONSQUARE.COM, INC., a California Corporation; MICHAEL S KREMERMAN, an Individual; and DOES 1-10, inclusive,<br><br>        Defendants. | Case Number: 2:18-cv-08938<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>**1. COPYRIGHT INFRINGEMENT**<br>**2. VICARIOUS COPYRIGHT INFRINGEMENT**<br>**3. CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br><br>**Jury Trial Demanded** |

Δ π EXHIBIT 4
Deponent PMK
Date 9/4/2020 rptr. KM
WWW.DEPOBOOKPRODUCTS.COM

Plaintiff JITRADE INC ("Plaintiff" or "JITRADE") by and through its
undersigned attorneys, hereby prays to this honorable Court for relief and remedy
based on the following:

## INTRODUCTION

Plaintiff creates, or purchases and obtains, exclusive rights to unique two-
dimensional graphic artworks for use on textiles and garments, and those textiles
and garments are transacted primarily in the fashion industry.  Plaintiff owns these
designs in exclusivity and makes sales of products bearing these designs for profit.
Plaintiff's business is predicated on its ownership of these designs and it spends a
considerable amount of time and resources creating and obtaining top-quality,
marketable and aesthetically-appealing designs.  Customers of Plaintiff, including
possibly DOE defendants named herein, take design samples with the
understanding and agreement that they will only utilize Plaintiff to reproduce said
designs should they wish to do so, and will not seek to make minor changes to
Plaintiff's proprietary work to reproduce the same elsewhere, yet use those designs
in furtherance of their business in violation of both their contractual agreement
with Plaintiff and Plaintiff's copyrights.  No other party is authorized to make sales
of product bearing Plaintiff's proprietary designs without express permission from
Plaintiff.  This action is brought to recover damages for direct, vicarious and
contributory copyright infringement arising out of the misappropriation of
Plaintiff's exclusive designs by the Defendants, and each of them.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 *et
   seq.*
2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)
   and (b).

COMPLAINT FOR DAMAGES

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

4. JITRADE INC ("Plaintiff") is a corporation organized and existing under the laws of the State of California with its principal place of business in the County of Los Angeles, at 6279 E. Slauson Ave #408, Commerce, CA 90040.

5. Plaintiff is informed and believes and thereon alleges that Defendant EN COREE USA, INC. d/b/a THE SANG CLOTHING ("THE SANG"), is, and at all times herein mentioned was, a corporation organized and existing under the laws of the State of California, registered and doing business in California, with its principal place of business at 807 E. 12Th St. Unit 135, Los Angeles, CA 90021.

6. Plaintiff is informed and believes and thereon alleges that Defendant SANG BAE HAN ("HAN"), is, and at all times herein mentioned was, an individual residing in Los Angeles, California. Plaintiff is informed and believes and thereon alleges that Defendant HAN is, and at all times herein mentioned was, the owner and principal of THE SANG with its principal place of business at 807 E. 12Th St. Unit 135, Los Angeles, CA 90021.

7. Plaintiff is informed and believes and thereon alleges that Defendant SCOTT CHONGYANG KIM ("KIM"), is, and at all times herein mentioned was, an individual residing in Northridge, California. Plaintiff is informed and believes and thereon alleges that Defendant KIM is, and at all times herein mentioned was, the owner and principal of CNS AMERICA, INC. ("CNS"), a Dissolved business entity, with its principal place of business at 20802 Lugano way, Northridge, CA 91326.

COMPLAINT FOR DAMAGES

8. Plaintiff is informed and believes and thereon alleges that Defendant
WHOLESALEFASHIONSQUARE.COM, INC. ("WFS"), is, and at all times
herein mentioned was, a corporation organized and existing under the laws of
the State of California, registered and doing business in California, with its
principal place of business at 4297 Aloca Ave., Vernon, CA 90058.

9. Plaintiff is informed and believes and thereon alleges that Defendant
MICHAEL S KREMERMAN ("KREMERMAN"), is, and at all times herein
mentioned was, an individual residing in Los Angeles, California. Plaintiff is
informed and believes and thereon alleges that Defendant KREMERMAN is,
and at all times herein mentioned was, the owner and principal of WFS with its
principal place of business at 4297 Aloca Ave., Vernon, CA 90058.

10. Named Defendants, and Does 1-10, may be collectively referred to as
"Defendants."

11. Plaintiff is informed and believes and thereon alleges that some of Defendants
Does 1 through 3, inclusive, are manufacturers and/or vendors of garments to
Defendant, which DOE Defendants have manufactured and/or supplied and are
manufacturing and/or supplying garments comprised of fabric printed with
Plaintiff's copyrighted design(s) (as hereinafter defined) without Plaintiff's
knowledge or consent or have contributed to said infringement. The true
names, whether corporate, individual or otherwise, and capacities of defendants
sued herein as Does 1 through 3 are presently unknown to Plaintiff at this time,
and therefore, Plaintiff sues said defendants by such fictitious names. Plaintiff
will seek leave to amend this complaint to allege their true names and capacities
when the same have been ascertained. Plaintiff is informed and believes, and
based thereon alleges, that each of defendants designated as a DOE is
responsible in some manner for the events alleged herein and the damages
caused thereby.

12. Defendants DOES 4 through 10, inclusive, are other parties not yet identified

COMPLAINT FOR DAMAGES

who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, and capacities of defendants sued herein as Does 4 through 10 are presently unknown to Plaintiff at this time, and therefore, Plaintiff sues said defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege their true names and capacities when the same have been ascertained.

13. Plaintiff is informed and believes and thereupon alleges that at all times relevant hereto each of Defendants acted in concert with each other, was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently rarified and adopted, or both, each and all of the acts or conducts alleged, with full knowledge of all the facts and circumstances, including without limitation to full knowledge of each and every wrongful conducts and Plaintiff's damages caused therefrom.

## CLAIMS RELATED TO DESIGN

14. Plaintiff is the owner and author of two-dimensional artworks called "SND1610_18A"; "SND1610_18B"; and "SND1604_6". ("Subject Designs"). (Exhibit A).

15. Plaintiff applied for copyrights from the United States Copyright Office for the Subject Design "SND1610_18A" with Registration no. VA0002052596 effective on May 31, 2017; "SND1610_18B" with Registration no. VA 2-052-595 effective on May 31, 2017; and "SND1604_6" with Registration no. VA 2-047-104 effective on March 3, 2017 (Exhibit B).

COMPLAINT FOR DAMAGES

16. Plaintiff formatted the Subject Design for use on textiles, sampled the Subject Design, and negotiated sales of fabric bearing the Subject Design.

17. Plaintiff is informed and believes and thereon alleges that Defendants, each of them, had access to the Subject Designs, including without limitation, through: (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Designs by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples; and (d) access to garments in the marketplace manufactured with lawfully printed fabric bearing the Subject Designs.

18. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendant WFS purchased, sold, marketed, advertised, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar to, the Subject Design. A true and correct copy of such a garment is attached hereto as Exhibit C. Said garments include but are not limited to garments sold by WFS under Product code CN414004; CN414001; CN414002; and CN366748.

19. At various times Defendant WFS owned and controlled offline and/or online retail stores, and each, Plaintiff's investigation revealed that garments comprised of fabric bearing the Subject Design were being offered for sale, garments which were manufactured and/or imported under the direction of the Defendants, and each of them.

20. Plaintiff is informed and believes and thereon alleges that Defendant KREMERMAN as the principal and the owner had the control over WFS and its business transactions, and knowingly participated in WFS's purchase, online/offline sale, online/offline marketing, online/offline advertising, manufacturing, causing to be manufactured, importing and/or online/offline

6

distributing fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar to, the Subject Design.

21. None of the aforementioned transactions were authorized by Plaintiff, and all were in violation of Plaintiff's intellectual property rights.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

22. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 21, inclusive, of this Complaint.

23. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, accessed the Subject Design through, without limitation, the following: (a) access to Plaintiff's design library; (b) access to authorized or unauthorized reproductions in the possession of other vendors and/or DOE Defendants; and (c) access to Plaintiff's strike-offs, swatches, paper CADs and samples.

24. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by importing, creating, marketing, advertising, making, and/or developing directly infringing and/or derivative works from the Subject Design and by importing, producing, distributing and/or selling infringing garments through a nationwide network of retail stores, catalogues, and online websites.

25. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

26. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages to its business in an amount to be established at trial.

27. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject

7

1  Design.  As such, Plaintiff is entitled to disgorgement of Defendants' profits

2  directly and indirectly attributable to Defendants' infringement of the Subject

3  Design in an amount to be established at trial.

4  28. Plaintiff is informed and believes and thereon alleges that Defendants, and each

5  of them, have committed acts of infringement alleged herein with actual or

6  constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a

7  finding of willful infringement.

8

9  **SECOND CLAIM FOR RELIEF**

10  (For Vicarious Copyright Infringement – Against All Defendants)

11  29. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully

12  set forth the allegations contained in Paragraphs 1 through 28, inclusive, of this

13  Complaint.

14  30. Plaintiff is informed and believes and thereon alleges that Defendants, and each

15  of them, knowingly induced, participated in, aided and abetted in and

16  resultantly profited from the illegal reproduction, importation, purchase,

17  marketing, advertisement, distribution and/or sales of product featuring the

18  Subject Design as alleged herein above.

19  31. Plaintiff is informed and believes and thereon alleges that Defendants, and each

20  of them, are vicariously liable for the infringement alleged herein because they

21  had the right and ability to supervise the infringing conduct and because they

22  had a direct financial interest in the infringing product.

23  32. By reason of the Defendants', and each of their, acts of contributory and/or

24  vicarious infringement as alleged above, Plaintiff has suffered and will continue

25  to suffer substantial damages to its business in an amount to be established at

26  trial, as well as additional general and special damages in an amount to be

27  established at trial.

28

COMPLAINT FOR DAMAGES

33. Due to Defendants' acts of contributory and/or vicarious copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would have not otherwise realized bur for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, an amount to be established at trial.

34. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement.

**THIRD CLAIM FOR RELIEF**

(Contributory Copyright Infringement– Against All Defendants)

35. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained hereforeto, inclusive, of this Complaint.

36. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly induced, caused, materially contributed to, participated in, encourages, aided and abetted in and resultantly profited from the illegal reproduction, importation, purchase, marketing, advertising, distribution and/or sales of product featuring the Subject Design as alleged herein above.

37. By reason of the Defendants', and each of their, acts of contributory copyright infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to established at trial, as well as additional general and special damages in an amount to be established at trial.

38. Due to Defendants' acts of contributory copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits

COMPLAINT FOR DAMAGES

they would have not otherwise realized bur for their infringement of the Subject
Design.  As such, Plaintiff is entitled to disgorgement of Defendants' profits
directly and indirectly attributable to Defendants' infringement of the Subject
Design, an amount to be established at trial.

39. Plaintiff is informed and believes and thereon alleges that Defendants, and each
of them, have committed acts of infringement alleged herein with actual or
constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a
finding of willful infringement.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against all Defendants as follows:

## **Against All Defendants**

With respect to Each Claim for Relief:

1. That Defendants, their agents and servants be enjoined from infringing
Plaintiff's copyrights in any manner;

2. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff,
the exact sum to be proven at time of trial, or, if elected before final judgment,
statutory damages as available under the Copyright Act, 17 U.S.C. § 101 *et
seq.*;

3. That Plaintiff be awarded its attorneys' fees as available under the Copyright
Act, 17 U.S.C. § 101 *et seq.*;

4. That Plaintiff be awarded pre-judgment interest as allowed by law;

5. That Plaintiff be awarded costs of litigation; and

6. That Plaintiff be awarded such further legal and equitable relief as the Court
deems proper.

## **DEMAND FOR TRIAL BY JURY**

COMPLAINT FOR DAMAGES

1  │ Plaintiff hereby demands a trial by jury in this action pursuant to Federal Rule of

2  │ Civil Procedure 38 and the Seventh Amendment of the Constitution.

3

4  │ Dated: October 16, 2018                    Respectfully submitted,

5
                                               /s/C. Yong Jeong
6                                              C. Yong Jeong, Esq.
                                               Regina S. Zernay, Esq.
7                                              JEONG & LIKENS, L.C.
                                               Attorneys for Plaintiff JITRADE INC
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

C. YONG JEONG, ESQ. (SBN 255244)
jeong@jeonglikens.com
JEONG & LIKENS, L.C.
222 South Oxford Avenue
Los Angeles, California 90004
Tel. 213-688-2001
Fax. 213-688-2002

Attorney for Plaintiff, C&SM INT'L

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| C&SM INT'L, a South Korea Corporation;<br><br>Plaintiff,<br><br>vs.<br><br>FASHION EDEN d/b/a MAKE ME CHIC, a California Corporation; JOHN CHANG, an individual; WHOLESALEFASHIONSQUARE.COM, INC., a California Corporation; MICHAEL S KREMERMAN, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case Number: 2:18-cv-00711-PA-PLA<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR:**<br><br>**1. COPYRIGHT INFRINGEMENT**<br>**2. VICARIOUS COPYRIGHT INFRINGEMENT**<br>**3. CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br><br>**Jury Trial Demanded** |

Plaintiff C&SM INT'L ("Plaintiff" or "C&SM") by and through its undersigned attorneys, hereby prays to this honorable Court for relief and remedy based on the following:

FIRST AMENDED COMPLAINT FOR DAMAGES

# INTRODUCTION

Plaintiff creates, or purchases and obtains, exclusive rights to unique two-dimensional graphic artworks for use on textiles and garments, and those textiles and garments are transacted primarily in the fashion industry.  Plaintiff owns these designs in exclusivity and makes sales of products bearing these designs for profit.  Plaintiff's business is predicated on its ownership of these designs and it spends a considerable amount of time and resources creating and obtaining top-quality, marketable and aesthetically-appealing designs.  Customers of Plaintiff, including possibly DOE defendants named herein, take design samples with the understanding and agreement that they will only utilize Plaintiff to reproduce said designs should they wish to do so, and will not seek to make minor changes to Plaintiff's proprietary work to reproduce the same elsewhere, yet use those designs in furtherance of their business in violation of both their contractual agreement with Plaintiff and Plaintiff's copyrights.  No other party is authorized to make sales of product bearing Plaintiff's proprietary designs without express permission from Plaintiff.  This action is brought to recover damages for direct, vicarious and contributory copyright infringement arising out of the misappropriation of Plaintiff's exclusive designs by the Defendants, and each of them.

# JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

FIRST AMENDED COMPLAINT FOR DAMAGES

## **PARTIES**

4. C&SM INT'L ("Plaintiff") is a corporation organized and existing under the laws of South Korea.

5. Plaintiff is informed and believes and thereon alleges that Defendant FASHION EDEN d/b/a MAKE ME CHIC ("FASHION EDEN"), is, and at all times herein mentioned was, a corporation organized and existing under the laws of the State of California and doing business in California, with its principal place of business at Bldg. 100, 1601 West Mission Boulevard, Pomona, CA 91766.

6. Plaintiff is informed and believes and thereon alleges that Defendant JOHN CHANG ("CHANG"), is, and at all times herein mentioned was, an individual residing in Los Angeles, California. Plaintiff is informed and believes and thereon alleges that Defendant CHANG is, and at all times herein mentioned was, the owner and principal of FASHIION EDEN with its principal place of business at Bldg. 100, 1601 West Mission Boulevard, Pomona, CA 91766.

7. Plaintiff is informed and believes and thereon alleges that Defendant WHOLESALEFASHIONSQUARE.COM, INC. ("WSF"), is, and at all times herein mentioned was, a corporation organized and existing under the laws of the State of California and doing business in California, with its principal place of business at 4927 Alcoa Ave, Vernon, CA 90058.

8. Plaintiff is informed and believes and thereon alleges that Defendant MICHAEL S KREMERMAN ("KREMERMAN"), is, and at all times herein mentioned was, an individual residing in Los Angeles, California. Plaintiff is informed and believes and thereon alleges that Defendant KREMERMAN is, and at all times herein mentioned was, the owner and principal of WSF with its principal place of business at 4927 Alcoa Ave, Vernon, CA 90058.

9. Named Defendants, and Does 1-10, may be collectively referred to as "Defendants."

10. Plaintiff is informed and believes and thereon alleges that some of Defendants

Does 1 through 3, inclusive, are manufacturers and/or vendors of garments to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments comprised of fabric printed with Plaintiff's copyrighted design(s) (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise, and capacities of defendants sued herein as Does 1 through 3 are presently unknown to Plaintiff at this time, and therefore, Plaintiff sues said defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege their true names and capacities when the same have been ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of defendants designated as a DOE is responsible in some manner for the events alleged herein and the damages caused thereby.

11. Defendants DOES 4 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, and capacities of defendants sued herein as Does 4 through 10 are presently unknown to Plaintiff at this time, and therefore, Plaintiff sues said defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege their true names and capacities when the same have been ascertained.

12. Plaintiff is informed and believes and thereupon alleges that at all times relevant hereto each of Defendants acted in concert with each other, was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently rarified and adopted, or both, each and all of the

FIRST AMENDED COMPLAINT FOR DAMAGES

acts or conducts alleged, with full knowledge of all the facts and circumstances, including without limitation to full knowledge of each and every wrongful conducts and Plaintiff's damages caused therefrom.

## CLAIMS RELATED TO DESIGN

13. Plaintiff is the owner and author of a two-dimensional artwork titled "C&SM 31". ("Subject Design"). (Exhibit A).

14. Plaintiff applied for a copyright from the United States Copyright Office for the Subject Design and was granted Registration No. VA 1-948-951 effective on February 18, 2015. (Exhibit B).

15. Plaintiff formatted the Subject Design for use on textiles, sampled the Subject Design, and negotiated sales of fabric bearing the Subject Design.

16. Plaintiff is informed and believes and thereon alleges that Defendants, each of them, had access to the Subject Designs, including without limitation, through: (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Designs by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples; and (d) access to garments in the marketplace manufactured with lawfully printed fabric bearing the Subject Designs.

17. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendant FASHION EDEN purchased, sold, marketed, advertised, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar to, the Subject Design. A true and correct copy of such a garment is attached hereto as Exhibit C. Said garments include but are not limited to garments sold by FASHION EDEN bearing the descriptions "Mixed Print Kimono Sleeve Dress" and "Multicolor Off Shoulder

Floral Dress".

18. At various times Defendant FASHION EDEN owned and controlled offline and/or online retail stores, and each, Plaintiff's investigation revealed that garments comprised of fabric bearing the Subject Design were being offered for sale, garments which were manufactured and/or imported under the direction of the Defendants, and each of them.

19. Plaintiff is informed and believes and thereon alleges that Defendant CHANG as the principal and the owner had the control over FASHION EDEN and its business transactions, and knowingly participated in FASHION EDEN's purchase, online/offline sale, online/offline marketing, online/offline advertising, manufacturing, causing to be manufactured, importing and/or online/offline distributing fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar to, the Subject Design.

20. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendant WSF purchased, sold, marketed, advertised, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar to, the Subject Design. A true and correct copy of such a garment is attached hereto as Exhibit C. Said garments include but are not limited to garments sold by WSF.

21. At various times Defendant WSF owned and controlled offline and/or online retail stores, and each, Plaintiff's investigation revealed that garments comprised of fabric bearing the Subject Design were being offered for sale, garments which were manufactured and/or imported under the direction of the Defendants, and each of them.

22. Plaintiff is informed and believes and thereon alleges that Defendant KREMERMAN as the principal and the owner had the control over WSF and its business transactions, and knowingly participated in WSF's purchase,

FIRST AMENDED COMPLAINT FOR DAMAGES

online/offline sale, online/offline marketing, online/offline advertising, manufacturing, causing to be manufactured, importing and/or online/offline distributing fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar to, the Subject Design.

23. None of the aforementioned transactions were authorized by Plaintiff, and all were in violation of Plaintiff's intellectual property rights.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

24. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 23, inclusive, of this Complaint.

25. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, accessed the Subject Design through, without limitation, the following: (a) access to Plaintiff's design library; (b) access to authorized or unauthorized reproductions in the possession of other vendors and/or DOE Defendants; and (c) access to Plaintiff's strike-offs, swatches, paper CADs and samples.

26. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by importing, creating, marketing, advertising, making, and/or developing directly infringing and/or derivative works from the Subject Design and by importing, producing, distributing and/or selling infringing garments through a nationwide network of retail stores, catalogues, and online websites.

27. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

28. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages to its business in an amount to be established at trial.

29. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design in an amount to be established at trial.

30. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement.

## SECOND CLAIM FOR RELIEF

(For Vicarious Copyright Infringement – Against All Defendants)

31. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 30, inclusive, of this Complaint.

32. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly induced, participated in, aided and abetted in and resultantly profited from the illegal reproduction, importation, purchase, marketing, advertisement, distribution and/or sales of product featuring the Subject Design as alleged herein above.

33. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing product.

34. By reason of the Defendants', and each of their, acts of contributory and/or vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at

FIRST AMENDED COMPLAINT FOR DAMAGES

1     trial, as well as additional general and special damages in an amount to be

2     established at trial.

3   35. Due to Defendants' acts of contributory and/or vicarious copyright infringement

4     as alleged herein, Defendants, and each of them, have obtained direct and

5     indirect profits they would have not otherwise realized bur for their

6     infringement of the Subject Design.  As such, Plaintiff is entitled to

7     disgorgement of Defendants' profits directly and indirectly attributable to

8     Defendants' infringement of the Subject Design, an amount to be established at

9     trial.

10   36. Plaintiff is informed and believes and thereon alleges that Defendants, and each

11     of them, have committed acts of infringement alleged herein with actual or

12     constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a

13     finding of willful infringement.

14

15                **THIRD CLAIM FOR RELIEF**

16       (Contributory Copyright Infringement– Against All Defendants)

17   37. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully

18     set forth the allegations contained hereforeto, inclusive, of this Complaint.

19   38. Plaintiff is informed and believes and thereon alleges that Defendants, and each

20     of them, knowingly induced, caused, materially contributed to, participated in,

21     encourages, aided and abetted in and resultantly profited from the illegal

22     reproduction, importation, purchase, marketing, advertising, distribution and/or

23     sales of product featuring the Subject Design as alleged herein above.

24   39. By reason of the Defendants', and each of their, acts of contributory copyright

25     infringement as alleged above, Plaintiff has suffered and will continue to suffer

26     substantial damages to its business in an amount to established at trial, as well

27     as additional general and special damages in an amount to be established at

28     trial.

FIRST AMENDED COMPLAINT FOR DAMAGES

40. Due to Defendants' acts of contributory copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would have not otherwise realized bur for their infringement of the Subject Design.  As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, an amount to be established at trial.

41. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against all Defendants as follows:

### **Against All Defendants**

With respect to Each Claim for Relief:

1.  That Defendants, their agents and servants be enjoined from infringing Plaintiff's copyrights in any manner;

2.  That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*;

3.  That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*;

4.  That Plaintiff be awarded pre-judgment interest as allowed by law;

5.  That Plaintiff be awarded costs of litigation; and

6.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

FIRST AMENDED COMPLAINT FOR DAMAGES

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury in this action pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment of the Constitution.

Dated: April 10, 2018                    Respectfully submitted,

                                         /s/C. Yong Jeong
                                         C. Yong Jeong, Esq.
                                         Attorney for Plaintiff



Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank Gregory Casella (SBN 301494)
fcasella@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL DYEING & PRINTING, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>WHOLESALEFASHIONSQUARE.COM, INC., a California Corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br>Jury Trial Demanded |

Universal Dyeing & Printing, Inc., by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

4. Plaintiff UNIVERSAL DYEING & PRINTING, INC. is a California Corporation.

5. Plaintiff is informed and believes and thereon alleges that Defendant WHOLESALEFASHIONSQUARE.COM, INC. ("WHOLESALE") is a California Corporation, with its principal place of business located at 4927 Alcoa Avenue Vernon, California 90058.

6. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

1

## CLAIMS RELATED TO DESIGN NO. UA 16128

2      8.   Plaintiff owns an original two-dimensional artwork used for purposes of

3   textile printing entitled UA 16128 ("Subject Design") which has been registered with

4   the United States Copyright Office.

5      9.   Prior to the acts complained of herein, Plaintiff widely disseminated fabric

6   bearing Subject Design to numerous parties in the fashion and apparel industries.

7      10.  Plaintiff is informed and believes and thereon alleges that following its

8   distribution of Subject Design, WHOLESALE, DOE Defendants, and each of them

9   distributed and/or sold fabric and/or garments featuring a design which is

10  substantially similar to Subject Design (hereinafter "Subject Product") without

11  Plaintiff's authorization, including but not limited to products sold by

12  WHOLESALE under Item Description "115-3-3-DD148APA PEACH GREEN

13  ROMPER 2-2-2," Product Code CN 183554, and bearing the label "DOROTHY."

14     11. A representative image of the Subject Design and a representative image of

15  one exemplar of Subject Product are set forth hereinbelow:

16          **Subject Design**                    **Subject Product**

17

18

19  

20

21

22

23

24              **FIRST CLAIM FOR RELIEF**

25      (For Copyright Infringement - Against All Defendants, and Each)

26     12. Plaintiff repeats, realleges and incorporates herein by reference as though

27

28                         3
                       COMPLAINT

fully set forth the allegations contained in the preceding paragraphs of this Complaint.

13. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of Subject Designs by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) access to garments in the marketplace manufactured with lawfully printed fabric bearing Subject Design.

14. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s), and each of them, has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed Subject Designs in that said garments were composed of fabric which featured unauthorized print designs that were identical or substantially similar to Subject Design, or were an illegal modification thereof.

15. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from Subject Design and by producing, distributing and/or selling Subject Products through a nationwide network of retail stores, catalogues, and through on-line websites.

16. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

17. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not

otherwise have realized but for their infringement of Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of Subject Design in an amount to be established at trial.

18. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants—each of them—and their respective agents and servants be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in Subject Design;

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

1         Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P.

2    38 and the 7th Amendment to the United States Constitution.

3    Dated: April 19, 2017                DONIGER/BURROUGHS

4

5                          By:    /s/ Stephen M. Doniger
                              Stephen M. Doniger, Esq.

6                                  Frank Gregory Casella, Esq.
                              Attorneys for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                  6
                        COMPLAINT

1  Stephen M. Doniger (SBN 179314)
   stephen@donigerlawfirm.com
2  Scott A. Burroughs (SBN 235718)
   scott@donigerlawfirm.com
3  Trevor W. Barrett (SBN 287174)
4  tbarrett@donigerlawfirm.com
   Justin M. Gomes (SBN 301793)
5  jgomes@donigerlawfirm.com
6  DONIGER / BURROUGHS
   603 Rose Avenue
7  Venice, California  90291
8  Telephone: (310) 590-1820

9  Attorneys for Plaintiff
10

11              **UNITED STATES DISTRICT COURT**

12             **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 13  UNICOLORS, INC., a California corporation, | Case No.: |
| 14 | |
| 15  Plaintiff, | PLAINTIFF'S COMPLAINT FOR: |
| 16  v. | 1. COPYRIGHT INFRINGEMENT; |
| 17 | |
| 18  MODA XPRESS, INC., a Florida Corporation; | 2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT |
| 19  WHOLSESALEFASHIONSQUARE.COM, INC., a California Corporation; and DOES 1 | |
| 20  through 10, | Jury Trial Demanded |
| 21          Defendants. | |
| 22 | |

23       Plaintiff UNICOLORS, INC., by and through its undersigned attorneys, hereby
24  prays to this honorable Court for relief as follows:

25              **JURISDICTION AND VENUE**

26       1.  This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101
27  *et seq.*

28                              - 1 -

COMPLAINT

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

4. Plaintiff is a corporation organized and existing under the laws of the State of California with its principal place of business located in the Los Angeles County.

5. Plaintiff is informed and believes and thereon alleges that Defendant WHOLESALEFASHIONSQUARE.COM, INC., ("WFS") is a corporation organized and existing under the laws of the State of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant MODA XPRESS, INC. ("MODA") is a corporation organized and existing under the laws of the State of Florida, and is doing business in and with the State of California.

7. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and

- 2 -

adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIM RELATED TO DESIGN GT1148

9.    Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of textile printing, which is set forth hereinbelow. It allocated this artwork Plaintiff's internal design number GT1148 (hereinafter the "Subject Design). This artwork was a creation of Plaintiff and/or Plaintiff's design team, and is, and at all relevant times was, owned exclusively by Plaintiff.

10. Plaintiff applied for and received a United States Copyright Registration for the Subject Design.

11. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design to numerous parties in the fashion and apparel industries. A true and correct image of the Subject Design is presented below:

///
///

- 3 -

Subject Design:



12. Plaintiff is informed and believes and thereon alleges that, following this distribution of fabric bearing Subject Design, WFS, MODA, and certain DOE Defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric bearing an unauthorized reproduction of Subject Design ("Subject Product"). Such Subject Product includes but is not limited to garments sold under, inter alia, SKU or UPC 8-59497-90243-0 Such Subject Product bore the "Mocha" label, and identifying information indicating

- 4 -

COMPLAINT

said garments were manufactured by, caused to be manufactured by, or supplied by WFS or a DOE defendant. See below for true and correct images of one such garment with tags:

 

13.Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights and/or in blatant disregard for Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

14. A comparison of the Subject Design and the non-exclusive exemplar of Subject Product makes apparent that the elements, composition, colors, arrangement,

- 5 -

COMPLAINT

layout, and appearance of the designs are substantially similar. See below for a comparison:

| Details from SUBJECT DESIGN | Details from SUBJECT PRODUCT |
|---|---|
|  | |

## **FIRST CLAIM FOR RELIEF**

(For Copyright Infringement – Against All Defendants, and Each)

15. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

16. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Design, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters

and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Design by Plaintiff for its customers.

17. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailer, which garments infringed the Subject Design in that said garments were composed of fabric which featured unauthorized print design(s) that were identical or substantially similar to the Subject Design, or were an illegal derivation or modification thereof.

18. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making, and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling garments which infringe the Subject Design through a nationwide network of retail stores, catalogues, and through on-line websites.

19. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

20. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

21. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design in an amount to be established at trial.

- 7 -

COMPLAINT

22. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

23. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

24. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Design as alleged herein.

25. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

26. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

-8-

27. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, in an amount to be established at trial.

28. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

***Against All Defendants***

29. <u>With Respect to Each Claim for Relief</u>

    a. That Defendants, each of them, and their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design;

    b. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

    c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

- 9 -

COMPLAINT

d.  That Plaintiff be awarded pre-judgment interest as allowed by law;

e.  That Plaintiff be awarded the costs of this action; and

f.  That Plaintiff be awarded such further legal and equitable relief as the
Court deems proper.

A <u>TRIAL BY JURY</u> PURSUANT TO FED. R. CIV. P. 38 AND
CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Respectfully submitted,

Dated: April 23, 2015          By:    */s/ Scott A. Burroughs*
                                      Scott A. Burroughs, Esq.
                                      Trevor W. Barrett, Esq.
                                      Justin M. Gomes, Esq.
                                      DONIGER / BURROUGHS
                                      Attorneys for Plaintiff
                                      UNICOLORS, INC.

- 10 -

COMPLAINT



Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Annie Aboulian (SBN 280693)
annie@donigerlawfirm.com
DONIGER / BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile: (310) 417-3538

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAR FABRICS, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>RHAPSODIELLE, INC. a California Corporation; CLASSIC FOR LADIES, a California Company; MJC CONNECTION, INC., a California Corporation d/b/a "Mind Code"; DESE ENTERPRISE, INC., a California Corporation d/b/a "AMI Clubwear"; WHOLESALEFASHIONSQUARE.COM, INC., a California Corporation; JOIA TRADING, INC., a California Corporation; and DOES 2 through 10,<br><br>Defendants. | Case No.: CV13-02357-CBM (SSx)<br>*Hon. Consuelo B. Marshall Presiding*<br><br>PLAINTIFF'S THIRD AMENDED COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

- 1 -

THIRD AMENDED COMPLAINT

Plaintiff STAR FABRICS, INC. (hereinafter "STAR" or "Plaintiff"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

### JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

### PARTIES

4. Plaintiff STAR FABRICS, INC. ("Plaintiff" or "STAR") is a corporation organized and existing under the laws of the State of California with its principal place of business located at 1440 Walnut St., Los Angeles, California 90011.

5. Plaintiff is informed and believes and thereon alleges that Defendant RHAPSODIELLE, INC. ("RHAPSODIELLE") is a corporation organized and existing under the laws of the State of California with its principal place of business located at 1004 E. Olympic Blvd. #B, Los Angeles, California 90021.

6. Plaintiff is informed and believes and thereon alleges that Defendant CLASSIC FOR LADIES ("CLASSIC") is a company organized and existing under the laws of the State of California with its principal place of business located at 400 S. Baldwin Avenue #340-L, Arcadia, California 91007-1907.

7. Plaintiff is informed and believes and thereon alleges that Defendant MJC CONNECTION, INC. doing business as "Mind Code" ("MIND CODE") is a corporation organized and existing under the laws of the State of California with its principal place of business located at 3443 S. Main Street, Los Angeles, CA 90007.

- 2 -

8. Plaintiff is informed and believes and thereon alleges that Defendant DESE ENTERPRISE, INC. doing business as AMI CLUBWEAR ("AMI") is a corporation organized and existing under the laws of the State of California with its principal place of business located at 14273 Don Julian Road, Industry, California 91746.

9. Plaintiff is informed and believes and thereon alleges that Defendant WHOLESALEFASHIONSQUARE.COM, INC. ("WHOLESALEFASHION") is a corporation organized and existing under the laws of the State of California with its principal place of business located at 4927 Alcoa Avenue, Vernon, CA 90058.

10. Plaintiff is informed and believes and thereon alleges that Defendant JOIA TRADING, INC. ("JOIA") is a corporation organized and existing under the laws of the State of California with its principal place of business located at 1020 Crocker St., Los Angeles, CA 90021.

11. Plaintiff is informed and believes and thereon alleges that some of Defendants DOES 2 through 3, inclusive, are manufacturers and/or vendors of garments to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments comprised of fabric printed with Plaintiff's copyrighted designs (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants DOES 2-3, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

12. Defendants DOES 4 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 4 through 10, inclusive, are presently unknown to Plaintiff,

- 3 -

THIRD AMENDED COMPLAINT

which therefore sues said Defendants by such fictitious names, and will seek leave to
amend this Complaint to show their true names and capacities when same have been
ascertained.

13. Plaintiff is informed and believes and thereon alleges that at all times
relevant hereto each of the Defendants was the agent, affiliate, officer, director,
manager, principal, alter-ego, and/or employee of the remaining Defendants and was
at all times acting within the scope of such agency, affiliation, alter-ego relationship
and/or employment; and actively participated in or subsequently ratified and
adopted, or both, each and all of the acts or conduct alleged, with full knowledge of
all the facts and circumstances, including, but not limited to, full knowledge of each
and every violation of Plaintiff's rights and the damages to Plaintiff proximately
caused thereby.

## CLAIMS RELATED TO DESIGN 61261

14. Prior to the conduct complained of herein, Plaintiff composed an original
two-dimensional artwork for purposes of textile printing. It allocated this design
Plaintiff's Internal Design Number 61261 ("hereinafter Subject Design A"). This
artwork was a creation of Plaintiff and/or Plaintiff's design team, and is, and at all
relevant times was, owned in exclusively by Plaintiff.

15. Plaintiff applied for and received a United States Copyright Registration
for Subject Design A.

16. Prior to the acts complained of herein, Plaintiff sampled and sold fabric
bearing Subject Design A to numerous parties in the fashion and apparel industries.

17. Following this distribution of product bearing Subject Design A, Plaintiff's
investigation revealed that certain entities within the fashion and apparel industries
had misappropriated Subject Design A, and were selling fabric and garments bearing
illegal reproductions and derivations of Subject Design A.

THIRD AMENDED COMPLAINT

1    18. Plaintiff is informed and believes and thereon alleges that, without

2    Plaintiff's authorization, RHAPSODIELLE, CLASSIC, and certain DOE defendants

3    created, sold, manufactured, caused to be manufactured, imported and/or distributed

4    fabric and/or garments comprised of fabric featuring designs which are substantially

5    similar to Subject Design A (hereinafter "Infringing Garment A"). Said garments

6    include but are not limited to the garments sold by CLASSIC under SKU No.

7    328122233; and sold by RHAPSODIELLE under SKU No. 0590449423,

8    0320122211; and MUST HAVE label.

9    19.Plaintiff is informed and believes and thereon alleges that Defendants, and

10   each of them, have committed copyright infringement with actual or constructive

11   knowledge of Plaintiff's rights, and/or in blatant disregard for Plaintiff's rights, such

12   that said acts of copyright infringement were, and continue to be, willful, intentional

13   and malicious, subjecting Defendants, and each of them, to liability for statutory

14   damages under Section 504(c)(2) of the Copyright Act in the sum of up to one

15   hundred fifty thousand dollars ($150,000) per infringement.

16   20. A comparison of Subject Design A (left) and Infringing Garment A (right)

17   are set forth below; it is apparent that the elements, composition, colors,

18   arrangement, layout, and appearance of the design are substantially similar.

19

20

21

22

23

24

25   ///

26   ///

27   ///

28

- 5 -

THIRD AMENDED COMPLAINT

| Subject Design A | Infringing Garment A |
|---|---|

 

## CLAIMS RELATED TO DESIGN 63202

21. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of textile printing. It allocated this design Plaintiff's Internal Design Number 63202 ("hereinafter Subject Design B"). This artwork was a creation of Plaintiff and/or Plaintiff's design team, and is, and at all relevant times was, owned in exclusively by Plaintiff.

22. Plaintiff applied for and received a United States Copyright Registration for Subject Design B.

23. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design B to numerous parties in the fashion and apparel industries.

- 6 -

24. Following this distribution of product bearing Subject Design B, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated Subject Design B, and were selling fabric and garments bearing illegal reproductions and derivations of Subject Design B.

25. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, RHAPSODIELLE, MIND CODE, and certain DOE defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring designs which are substantially similar to Subject Design B (hereinafter "Infringing Garment B"). Said garments include but are not limited to the garments sold by RHAPSODIELLE under SKU No. 4811986212; and Style No. T 19862.

26. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, and/or in blatant disregard for Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

27. A comparison of Subject Design B (left) and Infringing Garment B (right) are set forth below; it is apparent that the elements, composition, colors, arrangement, layout, and appearance of the design are substantially similar.

///
///
///

THIRD AMENDED COMPLAINT

Subject Design B | Infringing Garment B



## CLAIMS RELATED TO DESIGN 60704

28. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of textile printing. It allocated this design Plaintiff's Internal Design Number 60704 ("hereinafter Subject Design C"). This artwork was a creation of Plaintiff and/or Plaintiff's design team, and is, and at all relevant times was, owned in exclusively by Plaintiff.

29. Plaintiff applied for and received a United States Copyright Registration for Subject Design C.

- 8 -

THIRD AMENDED COMPLAINT

1    30. Prior to the acts complained of herein, Plaintiff sampled and sold fabric

2  bearing Subject Design C to numerous parties in the fashion and apparel industries.

3    31. Following this distribution of product bearing Subject Design C, Plaintiff's

4  investigation revealed that certain entities within the fashion and apparel industries

5  had misappropriated Subject Design C, and were selling fabric and garments bearing

6  illegal reproductions and derivations of Subject Design C.

7    32.Plaintiff is informed and believes and thereon alleges that, without

8  Plaintiff's authorization, WHOLESALEFASHION, AMI and certain DOE

9  defendants created, sold, manufactured, caused to be manufactured, imported and/or

10  distributed fabric and/or garments comprised of fabric featuring designs which are

11  substantially similar to Subject Design C ("Infringing Garment C). Said garments

12  include but are not limited to the garments sold by AMI under Style No. D-306, and

13  ZORA FASHION label.

14    33.Plaintiff is informed and believes and thereon alleges that AMI purchased

15  and/or otherwise obtained Infringing Garment C from WHOLESALEFASHION.

16    34.Plaintiff is informed and believes and thereon alleges that Defendants, and

17  each of them, have committed copyright infringement with actual or constructive

18  knowledge of Plaintiff's rights, and/or in blatant disregard for Plaintiff's rights, such

19  that said acts of copyright infringement were, and continue to be, willful, intentional

20  and malicious, subjecting Defendants, and each of them, to liability for statutory

21  damages under Section 504(c)(2) of the Copyright Act in the sum of up to one

22  hundred fifty thousand dollars ($150,000) per infringement.

23    35. A comparison of Subject Design C (left) and Infringing Garment C (right)

24  are set forth below; it is apparent that the elements, composition, colors,

25  arrangement, layout, and appearance of the design are substantially similar.

26

27

28

- 9 -

THIRD AMENDED COMPLAINT

Subject Design C                Infringing Garment C




## CLAIMS RELATED TO DESIGN 61619

36. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of textile printing. It allocated this design Plaintiff's Internal Design Number 61619 ("hereinafter Subject Design D"). This artwork was a creation of Plaintiff and/or Plaintiff's design team, and is, and at all relevant times was, owned in exclusively by Plaintiff.

37. Plaintiff applied for and received a United States Copyright Registration for Subject Design D.

38. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design D to numerous parties in the fashion and apparel industries.

39. Following this distribution of product bearing Subject Design D, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries

- 10 -

had misappropriated Subject Design D, and were selling fabric and garments bearing illegal reproductions and derivations of Subject Design D.

40. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, JOIA, AMI and certain DOE defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring designs which are substantially similar to Subject Design C (hereinafter "Infringing Garment D"). Said garments include but are not limited to the garments sold by AMI under SKU Nos. 9749redmultiONE, 9749purplemultiONE, 9749magentamultiONE, and 9749greenmultiONE.

41. Plaintiff is informed and believes and thereon alleges that AMI purchased and/or otherwise obtained Infringing Garment D from JOIA.

42. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, and/or in blatant disregard for Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

43. A comparison of Subject Design D (left) and Infringing Garment D (right) are set forth below; it is apparent that the elements, composition, colors, arrangement, layout, and appearance of the design are substantially similar.

///
///
///

- 11 -

THIRD AMENDED COMPLAINT

Subject Design D          Infringing Garment D

     

## **FIRST CLAIM FOR RELIEF**

(For Copyright Infringement – Against All Defendants, and Each)

44. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

45. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Design A, Subject Design B, Subject Design C, and/or Subject Design D (hereinafter "Subject Designs"), including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Designs by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Designs by Plaintiff for its customers.

- 12 -

THIRD AMENDED COMPLAINT

46. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailer, and each of them, and supplied garments to said retailer, which garments infringed the Subject Designs in that said garments were composed of fabric which featured unauthorized print design(s) that were identical or substantially similar to the Subject Designs, or were an illegal derivation or modification thereof.

47. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling garments which infringe the Subject Designs through a nationwide network of retail stores, catalogues, and through on-line websites.

48. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

49. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

50. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of the Subject Designs in an amount to be established at trial.

51. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants,

- 13 -

THIRD AMENDED COMPLAINT

and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

52. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

53. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring Subject Designs as alleged herein.

54. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

55. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

56. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly

- 14 -

and indirectly attributable to Defendants' infringement of the Subject Designs, in an amount to be established at trial.

57. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### ***Against All Defendants***

58. <u>With Respect to Each Claim for Relief</u>

    a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Designs;

    b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

    c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

    d. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

    e. That Plaintiff be awarded pre-judgment interest as allowed by law;

- 15 -

f.  That Plaintiff be awarded the costs of this action; and

g.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.


                                              DONIGER / BURROUGHS


Dated: March 7, 2014          By:    /s/ Stephen M. Doniger
                                     Stephen M. Doniger, Esq.
                                     Annie Aboulian, Esq.
                                     Attorneys for Plaintiff

THIRD AMENDED COMPLAINT