ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Law Corporation
Brian M. Wheeler            State Bar No. 266661
   BWheeler@aalrr.com
David Kang                  State Bar No. 303562
   David.Kang@aalrr.com
12800 Center Court Drive South, Suite 300
Cerritos, California 90703-9364
Telephone: (562) 653-3200
Fax:       (562) 653-3333

Attorneys for Cross-Defendants
BRIAN J. PARK, ANDREW J. PARK
and J&K CLOTHING, INC.
d/b/a LOVE LETTER COLLECTION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION (LOS ANGELES)

| | |
|---|---|
| HEM & THREAD, INC., a California corporation, and HYUN KIM, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>WHOLESALEFASHIONSQUARE.COM, INC., a California corporation; DOWNTOWN 11th, Inc., a California corporation; MIN LEE, an individual doing business as ROUSSEAU; ANDREW LEE, an individual doing business as BOSWELL FASHION; and DOES 1 through 10,<br><br>Defendants.<br><br>WHOLESALEFASHIONSQUARE.COM, INC., a California corporation,<br><br>Crossclaimant<br><br>v.<br><br>BRIAN J. PARK, and individual, ANDREW J. PARK, an individual, J & K CLOTHING, INC. d/b/a LOVE LETTER COLLECTION a.k.a. MI AMORE F/S, a California Corporation; YOUNG H. CHO, | Case No. 2:19-cv-00283-CBM-AFM<br><br>**CROSS-DEFENDANTS RESPONSES TO DEFENDANT AND CROSS CLAIMANT REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)**<br><br>Judge: Hon. Consuelo B. Marshall<br>Ctrm: 8B<br><br>Complaint Filed: January 14, 2019 |

016931.00008
26060609.4

Request to the extent that the particular items and/or categories of documents are not in the possession, custody or control of Cross-Defendant.

Subject to and without waiving the foregoing objections, Cross-Defendant responds as follows: After conducting a reasonable search, Cross-Defendant is not aware of any document responsive to this Request because to Cross-Defendant's knowledge, no such documents exist or have ever existed. Cross-Defendant reserves the right to amend or supplement this response should responsive documents later be discovered.

**REQUEST FOR PRODUCTION NO. 5:**

All Communications and Documents with any party to the action and/or a third party related to the purchase of the Alleged Infringing Garments.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Cross-Defendant **Brian J. Park** responds as follows:

Cross-Defendant objects to this Request on the grounds it is duplicative and is therefore unduly burdensome and harassing. Cross-Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome and seeks information that is not relevant, nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, or is otherwise beyond the scope of permissible discovery. Cross-Defendant objects to this Request on the grounds that it fails to describe with reasonable particularity the category of documents Crossclaimant seeks to require Cross-Defendant to search for, to locate, and to make available for inspection and copying. It is not reasonable to describe documents by categories which bear no relationship to the manner in which the documents are kept and requires a Cross-Defendant to determine which of its records fit a demand that essentially seeks every document in Cross-Defendant's

possession, custody, or control relating to a topic. Cross-Defendant objects to this Request on the ground that it is overbroad and exceeds the scope of permitted discovery in that it seeks to require Cross-Defendant to search for, locate and make available for inspection and copying documents without limit as to scope and/or time. Cross-Defendant objects to this Request to the extent that it seeks to require Cross-Defendant to disclose to Crossclaimant and to its attorney confidential and/or private information or documents that is protected and/or privileged based on rights to privacy guaranteed by the United States Constitution and by the California Constitution. Cross-Defendant objects to this Request to the extent it seeks information from Cross-Defendant that is protected from disclosure by the attorney-client privilege and/or by the attorney work-product doctrine. Cross-Defendant objects to this Request on the ground it is overbroad, unduly burdensome and harassing under the circumstances and merely intended to vex, harass, and annoy Cross-Defendant. Cross-Defendant objects to this Request on the ground that it assumes facts and/or imposes obligations on Cross-Defendant that do not exist. Cross-Defendant objects to this Request on the ground that it requires Cross-Defendant to identify and select any document or documents for production based on a legal interpretation or an expert's opinion. Cross-Defendant objects to this Request on the ground that it is not full and complete in and of itself and requires reference to outside materials in order to understand the documents requested. To the extent that this Request seeks ESI, Cross-Defendant objects on the ground that ESI is duplicative and the burdens of producing ESI outweigh any potential benefits. Cross-Defendant objects to this Request to the extent that the particular items and/or categories of documents are not in the possession, custody or control of Cross-Defendant.

Subject to and without waiving the foregoing objections, Cross-Defendant responds as follows: After conducting a reasonable search, Cross-Defendant is not aware of any document responsive to this Request because to Cross-Defendant's

knowledge, no such documents exist or have ever existed. Cross-Defendant reserves the right to amend or supplement this response should responsive documents later be discovered.

Cross-Defendant **Andrew J. Park** responds as follows:

Cross-Defendant objects to this Request on the grounds it is duplicative and is therefore unduly burdensome and harassing. Cross-Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome and seeks information that is not relevant, nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, or is otherwise beyond the scope of permissible discovery. Cross-Defendant objects to this Request on the grounds that it fails to describe with reasonable particularity the category of documents Crossclaimant seeks to require Cross-Defendant to search for, to locate, and to make available for inspection and copying. It is not reasonable to describe documents by categories which bear no relationship to the manner in which the documents are kept and requires a Cross-Defendant to determine which of its records fit a demand that essentially seeks every document in Cross-Defendant's possession, custody, or control relating to a topic. Cross-Defendant objects to this Request on the ground that it is overbroad and exceeds the scope of permitted discovery in that it seeks to require Cross-Defendant to search for, locate and make available for inspection and copying documents without limit as to scope and/or time. Cross-Defendant objects to this Request to the extent that it seeks to require Cross-Defendant to disclose to Crossclaimant and to its attorney confidential and/or private information or documents that is protected and/or privileged based on rights to privacy guaranteed by the United States Constitution and by the California Constitution. Cross-Defendant objects to this Request to the extent it seeks

information from Cross-Defendant that is protected from disclosure by the attorney-client privilege and/or by the attorney work-product doctrine. Cross-Defendant objects to this Request on the ground it is overbroad, unduly burdensome and harassing under the circumstances and merely intended to vex, harass, and annoy Cross-Defendant. Cross-Defendant objects to this Request on the ground that it assumes facts and/or imposes obligations on Cross-Defendant that do not exist. Cross-Defendant objects to this Request on the ground that it requires Cross-Defendant to identify and select any document or documents for production based on a legal interpretation or an expert's opinion. Cross-Defendant objects to this Request on the ground that it is not full and complete in and of itself and requires reference to outside materials in order to understand the documents requested. To the extent that this Request seeks ESI, Cross-Defendant objects on the ground that ESI is duplicative and the burdens of producing ESI outweigh any potential benefits. Cross-Defendant objects to this Request to the extent that the particular items and/or categories of documents are not in the possession, custody or control of Cross-Defendant.

Subject to and without waiving the foregoing objections, Cross-Defendant responds as follows: Cross-Defendants will produce non-privileged documents that are responsive to this request, if any, that are in Cross-Defendants' possession, custody, or control that Cross-Defendants are able to locate following a reasonable search.

Cross-Defendant **J & K Clothing, Inc.** responds as follows:

Cross-Defendant objects to this Request on the grounds it is duplicative and is therefore unduly burdensome and harassing. Cross-Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome and seeks information that is not relevant, nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, or is otherwise beyond the scope of permissible discovery.  Cross-Defendant objects to this Request on the grounds that it fails to describe with reasonable particularity the category of documents Crossclaimant seeks to require Cross-Defendant to search for, to locate, and to make available for inspection and copying.  It is not reasonable to describe documents by categories which bear no relationship to the manner in which the documents are kept and requires a Cross-Defendant to determine which of its records fit a demand that essentially seeks every document in Cross-Defendant's possession, custody, or control relating to a topic.  Cross-Defendant objects to this Request on the ground that it is overbroad and exceeds the scope of permitted discovery in that it seeks to require Cross-Defendant to search for, locate and make available for inspection and copying documents without limit as to scope and/or time.  Cross-Defendant objects to this Request to the extent that it seeks to require Cross-Defendant to disclose to Crossclaimant and to its attorney confidential and/or private information or documents that is protected and/or privileged based on rights to privacy guaranteed by the United States Constitution and by the California Constitution.  Cross-Defendant objects to this Request to the extent it seeks information or documents that Cross-Defendant deems proprietary, confidential, trade secret, private, or otherwise protected from disclosure pursuant to California Constitution, Article I, section I, or the California Evidence Code and/or the Federal Rules of Evidence.  Cross-Defendant objects to this Request to the extent it seeks information from Cross-Defendant that is protected from disclosure by the attorney-client privilege and/or by the attorney work-product doctrine.  Cross-Defendant objects to this Request on the ground it is overbroad, unduly burdensome and harassing under the circumstances and merely intended to vex, harass, and annoy Cross-Defendant.  Cross-Defendant objects to this Request on the ground that it assumes facts and/or imposes obligations on Cross-Defendant that do not exist.

Cross-Defendant objects to this Request on the ground that it requires Cross-Defendant to identify and select any document or documents for production based on a legal interpretation or an expert's opinion. Cross-Defendant objects to this Request on the ground that it is not full and complete in and of itself and requires reference to outside materials in order to understand the documents requested. To the extent that this Request seeks ESI, Cross-Defendant objects on the ground that ESI is duplicative and the burdens of producing ESI outweigh any potential benefits. Cross-Defendant objects to this Request to the extent that the particular items and/or categories of documents are not in the possession, custody or control of Cross-Defendant.

Subject to and without waiving the foregoing objections, Cross-Defendant responds as follows: Cross-Defendants will produce non-privileged documents that are responsive to this request, if any, that are in Cross-Defendants' possession, custody, or control that Cross-Defendants are able to locate following a reasonable search.

**REQUEST FOR PRODUCTION NO. 6:**

All Communications and Documents with any party to the action and/or a third party related to the sale of the Alleged Infringing Garments.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Cross-Defendant **Brian J. Park** responds as follows:

Cross-Defendant objects to this Request on the grounds it is duplicative and is therefore unduly burdensome and harassing. Cross-Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome and seeks information that is not relevant, nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, or is