Avi Wagner, Esq. (SBN 226688)
**THE WAGNER FIRM**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 491-7949
Facsimile:  (310) 694-3967
Email: avi@thewagnerfirm.com

Attorney for Defendant Wholesalefashionsquare.com, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEM & THREAD, INC., a California corporation, and HYUN KIM, an individual, | ) Case No. 2:19-cv-00283-CBM-AFM ) ) |
| Plaintiffs, | ) **CROSS-PLAINTIFF** ) **WHOLESALEFASHIONSQUARE.COM,** ) **INC.'S NOTICE OF MOTION AND** |
| vs. | ) **MOTION IN LIMINE NO. 2** ) **(EXCLUDE ARGUMENT OR** |
| WHOLESALEFASHIONSQUARE .COM, INC., a California corporation, | ) **EVIDENCE OF PRIOR COPYRIGHT** ) **LITIGATION); MEMORANDUM OF** ) **POINTS AND AUTHORITIES IN** ) **SUPPORT THEREOF** |
| Defendant. | ) ) Date: January 3, 2022 |
| WHOLESALEFASHIONSQUARE .COM, INC., a California corporation, | ) Time: 10:00 a.m. ) |
| Cross-Plaintiff | ) Courtroom:  8B ) ) |
| vs. | ) ) ) |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ANDREW J. PARK, an individual,
J & K CLOTHING, INC. d/b/a
LOVE LETTER COLLECTION
a.k.a. MI AMORE F/S, a California
Corporation; YOUNG H. CHO, an
individual, SOYEON CHO, an
individual, SKYOCEAN, INC., a
California Corporation and; DOES
1-10, individuals and/or entities of
unknown form,

Cross-Defendants.
_____

TO THE COURT AND ALL PARTIES:

Please take notice that on January 3, 2022 at 10:00 in Courtroom 8B of the above-captioned Court, located at 350 W. 1st St., Los Angeles, CA 90012, before the Honorable United States Senior District Judge Consuelo B. Marshall, Cross-Plaintiff Wholesalefashionsquare.com, Inc. ("Cross-Plaintiff" or "Wholesale") will and hereby does move this Court for an Order excluding any argument or evidence related to prior unrelated lawsuits alleging copyright infringement filed against Wholesale.

This Motion is based upon this Notice of Motion; the supporting Memorandum of Points and Authorities; the Declarations of Avi Wagner in support, all other pleadings and papers on file with the Court in this action, and any other such evidence or oral argument that may be presented at or before the hearing.

Dated: December 6, 2021

THE WAGNER FIRM
By: /s/ Avi Wagner
Avi Wagner
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 491-7949
Facsimile: (310) 694-3967
Email: avi@thewagnerfirm.com

Attorney for Cross-Plaintiff
WHOLESALEFASHIONSQUARE.
COM, INC

## I.   INTRODUCTION

Cross-Plaintiff Wholesalefashionsquare.com, Inc. ("Cross-Plaintiff" or "Wholesale") moves to exclude all argument and evidence related to any prior lawsuits brought by other plaintiffs against Wholesale which allege copyright infringement.   These lawsuits are not relevant to any issue in dispute in this litigation.   Cross-Defendants' true purpose in seeking to admit them is to create undue prejudice, confuse the issues, and/or to mislead the jury.   Although these prior lawsuits contain no allegations of trademark infringement, and no proof of copyright infringement, learning that Wholesale has been sued for "infringement," as most of the garment industry in Los Angeles has, is likely to induce a jury to believe that it implies prior wrongdoing by Wholesale that is similar to that found by this Court.   The confusion associated by such trial by allegation substantially outweighs any claimed probative value associated with such allegations. Accordingly, they should be excluded.

## II.   RELEVANT FACTS

The lone remaining claims in this litigation focus on contribution, warranty and indemnity claims against Cross-Defendants who sold garments to Wholesale that led to Wholesale's sales of L2394 Sherpa cardigans ("Garments") ordered by Plaintiff Hyun Kim ("Kim")

### A.   Factual Background

In December 2017, Kim corresponded with Mr. Junn Kang of Sketch, to order 40,500 pieces of "BOTH SIDE FUR OPEN JACKET," referenced as Style No. L2394 at $7.45 per piece, for a total purchase price of $301,725, to be manufactured for Hem & Thread.   Garment Order, [Dkt. 151-5].   Upon receipt of the Garments in Los Angeles approximately six months later, Kim rejected the Garments, and released them to Sketch.   Deposition of Hyun Kim ("Kim Depo.") [Dkt. 151-1], 70:4-8; 138:5-139:1.   Facing financial uncertainty due to Plaintiffs'

non-payment, Sketch approached Cross-Defendant J&K Clothing, Inc. ("Love Letter") to sell the Garments.  Text Messages, [Dkt. 151-2], HT200.  Wholesale eventually initially purchased 38,823 Garments from Cross-Defendant Love Letter, who took title to the garments from Cross-Defendant Sky Ocean.  Love Letter Invoice, [Dkt. 151-15].[1]  Love Letter did not mention any restrictions on sale or label removal to Wholesale, nor did Sky Ocean.

### B.    Plaintiffs Alleged Only Trademark Related Claims

Cross-Plaintiff sold the Garments on its website in September and October 2018.  On January 14, 2019, Plaintiffs filed their Complaint [Dkt. No. 1], alleging *inter alia* trademark infringement, negligent interference with prospective economic advantage, and conspiracy.  Following Wholesale's Motion to Dismiss, the Court dismissed the latter two claims.  March 27, 2019 Order [Dkt. No. 23].  Plaintiffs filed two subsequent complaints.  None of the complaints have contained any copyright infringement allegations.  Complaint [Dkt. No. 1], First Amended Complaint [Dkt. 26]; Second Amended Complaint [Dkt. 46].

On July 27, 2021 the Court granted Plaintiff's motion for summary judgment on their trademark infringement claims.  July 27, 2021 Order [Dkt. 231].  The only remaining claims in this action are Wholesale's cross-claims against Love Letter Cross-Defendants and SkyOcean Cross-Defendants for breach of implied warranty of merchantability, and several forms of contribution and indemnity.  Wholesale Answer and Cross-Complaint, ¶¶ 25-44 [Dkt. 46].  Counsel for Cross-Plaintiff and Cross-Defendants met and conferred on this motion prior to filing.  Declaration of Avi Wagner in Support of Motions in Limine ("Wagner Decl."), ¶¶ 3-4.

### C.    Introduction of Copyright Infringement Complaints

---

[1] After determining that some of the Garments were damaged, Defendant returned damaged Garments to Love Letter, and retained 11,000 undamaged pieces.  August 31, 2020 Deposition of Michael Kremerman ("Kremerman Depo.") [Dkt. 151-13] 126:22-127:8, 128:1-10.

During the September 4, 2020 deposition of Wholesale CFO Michael Kremerman, Plaintiffs' counsel introduced as exhibits six complaints from other lawsuits by owners of copyrighted fabric designs against Defendant containing copyright infringement allegations.  Wagner Decl., Ex. B, Complaints.   Plaintiffs' counsel refused to explain how complaints alleging copyright infringement were relevant in a trademark infringement case.  *Id*., Ex. A, 68:6-69:6, but nevertheless spent about twenty percent of the deposition day asking questions about these irrelevant complaints.  *Id*. 63:6-83:17.

### III.   ARGUMENT

#### A.   Evidence or Argument Related to Prior Copyright Litigation Should Be Excluded as Irrelevant

Only relevant evidence is admissible.   Fed. R. Evid. ("F.R.E.") 402.  Evidence is relevant if:

> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

> (b) the fact is of consequence in determining the action.

F.R.E .401.

During the Kremerman deposition, Plaintiffs' counsel introduced as exhibits six complaints from other lawsuits filed by owners of copyrighted fabric designs against Wholesale alleging copyright infringement.   Wagner Decl., Ex. B, Copyright Complaints.   The complaints contain no allegations of trademark infringement, the only claim adjudicated against Wholesale. *See id*.  Nor do the complaints contain any proof of Wholesale's liability in those cases.  Plaintiffs never made a copyright infringement allegation in this case, and Plaintiffs' counsel refused to explain how complaints alleging copyright infringement were otherwise relevant in a trademark infringement case.  Wagner Decl., Ex. A, 68:6-69:6.

Neither these complaints, nor any reference to the underlying lawsuits are admissible, as neither the facts nor the allegations in the complaints are relevant to any disputed issue in this case.

The Court's prior ruling on a similar motion in limine is instructive.  *See* In *U.S. Wholesale Outlet & Distrib., Inc., et al. v. Innovation Ventures, LLC, et al*, 18-cv-1077-CBM-E (Sept. 12, 2019) the Court held that a lawsuit by the same plaintiff alleging the same cause of action, price discrimination, against a different competitor was irrelevant to proving alternative theories of lost sales alleged in the present case.  Here there is clearer case for exclusion because the prior lawsuits filed by other plaintiffs do not allege the same cause of action, nor similar activities. In those lawsuits, Wholesale was accused of selling garments made of a fabric that was substantially similar to a copyrighted design (*see, e.g.* Wagner Decl. Ex.B, pg. 16 ¶¶ 13-16).  The allegations in those complaints are completely irrelevant to the present issue of whether Cross-Defendants are liable for Wholesale's damages in this action.  The Court should exclude all reference to these lawsuits as irrelevant.

### B.   Evidence Related to Prior Copyright Infringement Should be Excluded Because the Risk of Undue Prejudice, Confusing the Issues, or Misleading the Jury Far Outweigh Any Probative Value It Provides

If the Court should find that these complaints and underlying litigation have some marginal relevance to this case, it should still exclude them because the risk of undue prejudice, confusing the issues, and misleading the jury far outweighs any probative value they have.  "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." F.R.E. 403.

These complaints contain only allegations, not proof, of copyright infringement. *See Securities Exchange Commission v. Levin*, 232 F.R.D. 619, 625 (C.D. Cal. 2005) ("there is no requirement that a complaint prove the allegations it contains").  To admit them into evidence would thus create a trial within a trial on the merits of these complaints: any inconsistencies between the evidence here and the allegations in those complaints would heighten the risk of confusion and misleading the jury.

A jury may falsely believe that these complaints are evidence of Wholesale's guilt unless dissuaded.  It is appropriate to exclude evidence creating the risk of a "mini-trial" on issues unrelated to those in the present litigation, and the Court should do so here.  *See Tennison v. Circus Circus Enterprises, Inc.,* 244 F.3d 684, 690 (9th Cir. 2001) (upholding the decision to exclude disputed evidence that would have required a trial within a trial that would have been an inefficient use of time and would have created a risk of a jury finding liability based on remote events).

To the extent that Cross-Defendants seek to admit these to suggest that Wholesale has a tendency to violate intellectual property norms, these complaints are inadmissible for that purpose, or to show that Wholesale acted in accordance with that character here.  F.R.E. 404, (b)(1).   Admitting them for such a purpose would create a strong risk that Wholesale would suffer undue prejudice due to the jury relying on the complaints as evidence of its propensity to infringe on the intellectual property rights of others.  Any minimal relevance these complaints have to the instant case is dwarfed by the risks of improper use they pose; the Court should exclude them.

**C.  Evidence Related to Prior Copyright Infringement Allegations Should be Excluded Because Plaintiffs' Use of These Complaints During Deposition Demonstrates That the Risk of Wasting Time on Them Exceeds Their Probative Value**

Plaintiffs' prior treatment of these complaints highlights an additional risk of admitting them.  Although Plaintiffs failed to identify their relevance to the instant litigation (Wagner Decl., Ex. A, 68:6-69:12), Plaintiffs' counsel spent a significant portion of the deposition of Michael Kremerman asking about these complaints.  Of approximately 100 pages of deposition transcript for the day, 20 of them are consumed by questions about the complaints.  *Id*. 63:6-83:17. Nothing of use was elicited from these questions; allowing continued questioning at trial would waste both the Court's and the jury's time.  In addition, a jury subjected to such extended questioning on these complaints will be likely to believe that they are of substantial relevance and indicate some wrongdoing on Wholesale's part, though that is not accurate.  The risk that Cross-Defendants will also waste significant time at trial on these irrelevant complaints is thus an independent basis for excluding them.

The Court should thus exclude all evidence of, and reference to, prior copyright infringement lawsuits against Wholesale.

## IV.   CONCLUSION

For the foregoing reasons, the Court should exclude all evidence of prior copyright infringement lawsuits against Wholesale as irrelevant.

Date: December 6, 2021                THE WAGNER FIRM
                                      By: /s/ *Avi Wagner*
                                      Avi Wagner
                                      1925 Century Park East, Suite 2100
                                      Los Angeles, California 90067
                                      Telephone: (310) 491-7949
                                      Facsimile: (310) 694-3967

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Email: avi@thewagnerfirm.com
*Attorney for Cross-Plaintiff*
*WHOLESALEFASHIONSQUARE.COM, INC.*